# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: G.W., P.W., A.W., & B.W.**

**No. 15-0467** (Mineral County 13-JA-12 through 13-JA-15)

**FILED**

October 20, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother D.W., by counsel Brian J. Vance, appeals the Circuit Court of Mineral County's December 23, 2014, order terminating her parental rights to eleven-year-old G.W., nine-year-old P.W., six-year-old A.W., and five-year-old B.W. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Zelene Harman, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2013, the DHHR received a referral from the Mineral County Sheriff's Office after deputies took emergency custody of the children after responding to two domestic violence 911 calls at petitioner's home with her then-current boyfriend, D.L. When the deputies arrived at petitioner's residence, she was "unresponsive" and the children were running around the home unsupervised. D.L. fled the residence and was considered to be armed and dangerous. During the investigation, G.W. and P.W. told investigators that they witnessed repeated acts of domestic violence and drug use. G.W. and P.W. also told investigators that D.W. exposed them to sexual activities. G.W. and P.W. further stated that D.L. abused them and A.W. and B.W. Finally, D.W. admitted to investigators that she abused alcohol and that the children were unsafe when the deputies took emergency custody of the children. The DHHR filed a petition for abuse and neglect based upon the May 31, 2013, referral.

In July of 2013, the circuit court held its adjudicatory hearing. Petitioner stipulated that she exposed her children to domestic violence, illegal drug use, and inappropriate sexual

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

behavior and allowed the children to be supervised by an inappropriate caregiver. The circuit court ordered the DHHR to provide petitioner with services aimed at correcting the conditions of abuse and neglect. The following month, the circuit court suspended petitioner's visitation rights because she failed to minimally comply with her services.

In October of 2013, the circuit court held a status hearing. Petitioner admitted that she failed to comply with her services. The circuit court granted petitioner's motion for a post-adjudicatory improvement period under terms that required petitioner to participate in individualized parenting and therapy, adult life skills classes, and substance abuse treatment and screening.

In February of 2014, the guardian filed a motion to terminate petitioner's improvement period because she failed to attend multidisciplinary team meetings, cancelled visitations, and failed to schedule a psychological evaluation. The circuit court held a status hearing in July of 2014. After a period of noncompliance during which petitioner failed multiple drug tests, the parties presented evidence that petitioner has since participated in parenting classes, supervised visitation, and obtained employment. As such, the circuit court continued petitioner's improvement period until November 27, 2014.

In November of 2014, the circuit court held a dispositional hearing. The DHHR presented several witnesses who testified that while petitioner complied with the terms of her improvement period, petitioner failed to achieve the goals of her improvement period which was granted the previous month. According to one service provider, petitioner complied with her parenting classes and supervised visitations. However, petitioner's individual therapy provider testified that petitioner missed four appointments in October of 2014. According to this provider, petitioner needed additional counseling services to address her alcohol abuse issues. Finally, the DHHR worker testified that petitioner failed to maintain employment, failed to participate in services for approximately eight months, and made little successful progress in achieving the goals of her improvement period. The DHHR worker also testified that there is "no more stability in the home right now" and that there are no additional services that could be afforded to petitioner to remedy the conditions of abuse and neglect. The circuit court deferred its ruling on termination until December 12, 2014, and cautioned petitioner that she needed to "show up with everything you need to, have everything lined up, a place for the kids, their daycare, the whole nine yards[.]"

In December of 2014, the circuit court held its final dispositional hearing during which additional testimony was presented. The DHHR worker testified that petitioner tested positive for cocaine in October of 2014, failed to attend regular drug screens, had contact with her abuser, and failed to set-up child care. A service provide testified that petitioner has cancelled "some" parenting sessions since the November hearing. Based on the evidence presented, the circuit court found that petitioner failed to adequately solve the problems of abuse despite receiving a lengthy improvement period. Given those findings, the circuit court concluded that petitioner could not substantially correct the conditions of neglect in the near future and that termination was necessary for the children's welfare. By order entered December 23, 2014, the circuit court terminated petitioner's parental rights to the children. It is from this order that petitioner now appeals

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re: Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights when she substantially complied with the terms and conditions of her improvement period and that the termination was not in the children's best interests. As we recently held, "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re: B.H. and S.S.*, 233 W.Va. 57, 754 S.E.2d 743 (2014). Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights when they find that there was no reasonable likelihood that a parent could substantially correct the conditions of neglect in the near future and that termination was necessary for the children's welfare. West Virginia Code § 49-6-5(b)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

In the case at bar, witnesses testified that while petitioner complied with her services, she failed to achieve the goals of her improvement period. Service providers testified that petitioner missed individual therapy sessions and parenting classes and failed to establish appropriate child care for her children. Importantly, despite completing substance abuse education services and attending Narcotics Anonymous meetings, petitioner tested positive for cocaine in October of 2014. It is clear that petitioner did not substantially comply with her services, and there was no reasonable likelihood that she could substantially correct the conditions of abuse or neglect in the near future. The circuit court also correctly noted that the children's best interests were served by establishing permanency following a lengthy improvement period. Given the circumstances of this case, we find no error in the circuit court's order terminating petitioner's parental rights.

3

For the foregoing reasons, we find no error in the circuit court's December 23, 2014, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: October 20, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II